IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FOREMOST INSURANCE COMPANY,**

        **Plaintiff/Counter-Defendant,**

**vs.**                                                                                       **Civ. No. 07-205 JCH/RHS**

**DANIEL McFADDEN,**

        **Defendant,**
**and**

**KELSEY FEGAN,**

        **Defendant/Counter-Plaintiff.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant Kelsey Fegan's Motion to Dismiss or Stay Proceedings* [Doc. No. 24]. After considering the facts, the law, and the arguments of counsel, the Court concludes that this case should be stayed pending resolution of the parallel proceeding in New Mexico state district court, and therefore the motion will be granted in part and denied in part.

## FACTUAL BACKGROUND

On July 6, 2003, Defendant Daniel McFadden ("McFadden") was driving a 2000 Yamaha All Terrain Vehicle ("ATV") owned by Nelda Lucero and was involved in an accident. Defendant/Counter-Plaintiff Kelsey Fegan ("Fegan"), a passenger on the 2000 Yamaha ATV, was injured in that accident. Plaintiff Foremost Insurance Company ("Foremost") had issued an ATV policy to Michael McFadden on June 6, 2003, and that ATV policy listed Defendant Daniel McFadden as an operator. However, according to Foremost the ATV policy insured only one ATV, a 2003 Yamaha Big Bear 400, and did not insure the 2000 Yamaha ATV owned by Nelda Lucero

that was involved in the accident. Foremost takes the position that its policy provides no coverage for the July 6, 2003 accident.

On June 23, 2006, Fegan filed a civil suit for negligence against McFadden in New Mexico's Thirteenth Judicial District Court, Valencia County, Civ. No. D-1314-04-901, Judge John Pope presiding. Foremost is defending McFadden in that case under a reservation of rights. On March 2, 2007, Foremost filed this federal court action against McFadden requesting a declaratory judgment that its policy does not provide McFadden with coverage for the July 6, 2003 accident. On January 15, 2008, Judge Pope granted Fagen's motion to amend her complaint to join Foremost to the state court action. Thus, the parties in the state court action include all the parties in this case, plus two additional insurance companies, T.H.E. Insurance Company and Farmer's Insurance Company, as well as Nelda Lucero.

## DISCUSSION

In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942), the Supreme Court held that a district court is under no compulsion to exercise jurisdiction under the Declaratory Judgment Act. Indeed, the language of the Act itself makes the exercise of jurisdiction discretionary, providing that a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a) (emphasis added). In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995), the Court reaffirmed the *Brillhart* standard for the exercise of jurisdiction under the Declaratory Judgment Act and held that a district court has discretion to stay or dismiss an action seeking declaratory judgment. "[U]nlike coercive actions, declaratory actions do not invoke the federal judiciary's virtually unflagging obligation to exercise its jurisdiction." *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) (internal quotations and citations omitted).

Under the principles announced in *Brillhart*, declaratory relief should not be granted by a federal court "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit . . . not governed by federal law." *Id.* The Tenth Circuit has outlined several factors a court should consider when deciding whether to exercise jurisdiction over a declaratory judgment action including: whether a declaratory action (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relations at issue; (3) is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there exists a better or more effective alternative remedy. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). While these factors were set forth before the Supreme Court's decision in *Wilton*, they still provide a useful framework for the exercise of the court's discretion.

First, the Court concludes that while its decision in this case would settle the coverage dispute between Foremost and McFadden, it would not settle the entire controversy. The absence of various other parties from this case would leave open various issues of liability and coverage to be decided by the state court. Conversely, now that Foremost is a party in the state proceeding, the coverage issue can be decided by the state court along with all the other issues of coverage, liability, and damages. For similar reasons, while a declaratory judgment on coverage by this Court would clarify the legal relations between Foremost and McFadden, such a decision would do little to illuminate the other closely related issues that are pending in the state court action.

Next, the Court is of the view that neither party is attempting to have this issue decided in a particular court for the purpose of procedural fencing or a race to res judicata. The parties each

have their own preferences for a particular forum, but this does not mean there is any attempt here to manipulate the courts. With regard to friction between the state and federal jurisdiction and the issue of encroachment, the Court in *Brillhart* indicated that a federal court might be "indulging in gratuitous interference" by permitting a federal declaratory judgment action to proceed when there is a parallel state court action involving the same parties and addressing the same issue. 316 U.S. at 495. While this Court has been called upon to interpret state law and is competent to do so, it need not do so when jurisdiction is based on the Declaratory Judgment Act. Here, there is no dispute that the coverage question raised by Foremost's Complaint for Declaratory Judgment raises a question of purely state law. The issue of state law raised in this case is better decided by the state court.

The Court notes that the state court case involves parties and controversies not joined in this case. A decision by this Court would not moot the state court proceedings but would only affect the rights of some of the parties in that case. Thus, if this Court were to exercise jurisdiction, there would be two cases decided by two courts using the judicial resources of two judicial systems. Conversely, because all parties to this case are involved in the state court action, a decision in the state court will eliminate the need for a decision in the federal case. Accordingly, judicial economy is best served if this Court declines to exercise jurisdiction over this declaratory judgment action.

For the above reasons, the Court concludes that the issues raised in this case are better decided in the parallel proceeding in state court and exercises its discretion to decline jurisdiction under the Declaratory Judgment Act. *Wilton* advises that, when a federal court declines jurisdiction on the basis of a pending state court proceeding, a stay is often preferable to dismissal because it assures that the federal action can proceed without a time bar if the state case fails to resolve the matter. 515 U.S. at 288 n.2. Accordingly, this Court will stay proceedings in this case pending the

outcome of the state court proceedings in *Fegan v. T.H.E. Ins. Co., et al.*, No. D-1314-CV-2004-00901. Because Fegan is the moving party here, the Court directs counsel for Fegan to file a notice in this case within five business days of a resolution in the state court case.

**IT IS THEREFORE ORDERED** that *Defendant Kelsey Fegan's Motion to Dismiss or Stay Proceedings* [Doc. No. 24] is **GRANTED IN PART** and **DENIED IN PART**, and that this case is **STAYED** pending resolution of the parallel state court action before Judge Pope in Valencia County, New Mexico.

**IT IS FURTHER ORDERED** that counsel for Fegan must notify this Court within five business days of a resolution in the state court case.

_____
**UNITED STATES DISTRICT JUDGE**