IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FOREMOST INSURANCE COMPANY,**

        **Plaintiff/Counter-Defendant,**

vs.                                                     Civ. No. 07-205 JCH/RHS

**DANIEL McFADDEN,**

        **Defendant,**
**and**

**KELSEY FEGAN,**

        **Defendant/Counter-Plaintiff.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Foremost Insurance Company's Amended Motion to Lift Stay* [Doc. No. 65]. After considering the facts, the law, and the arguments of counsel, the Court concludes that the motion should be denied.

## PROCEDURAL HISTORY

On March 2, 2007, Plaintiff Foremost Insurance Company ("Foremost") filed this action seeking a declaratory judgment that its insurance policy does not cover personal injury claims made by Defendant/Counter-Plaintiff Kelsey Fegan ("Fegan") against its insured, Defendant Daniel McFadden ("McFadden") arising from an all-terrain vehicle accident that occurred in July of 2003. Fegan's personal injury claims against McFadden are being litigated in a lawsuit filed in New Mexico state district court on June 23, 2006. Foremost is defending McFadden in that case under a reservation of rights. In addition to Fegan's underlying negligence claims, the state court proceeding involves other insurers and the issue of whether their policies provide coverage for the

accident.

On October 23, 2007, Fegan filed a motion to dismiss or stay the proceedings in this case. On January 15, 2008, the judge in the state court case entered an order permitting Fegan to add Foremost as a defendant in that case, ostensibly to resolve the same question of coverage at issue in this lawsuit.  Thus, on April 4, 2008, this Court entered a Memorandum Opinion and Order granting Fegan's motion to stay, concluding that the issues raised in this case are better decided in the parallel proceeding in state court and exercising its discretion to decline jurisdiction under the Declaratory Judgment Act.  However, at the same time the Court denied Fegan's motion to dismiss pending resolution of the litigation in state court.

Thereafter, Foremost and Fegan filed cross motions for summary judgment on the coverage issue in the state court case.  In February of 2009, the state court judge granted Foremost's motion for summary judgment, finding that under New Mexico law, a third party such as Fegan who is injured by an insured is merely an "incidental" beneficiary of an insurance contract with no right to sue the insurance company directly.  Then, in March of 2009, McFadden filed a motion for leave to file a third party complaint against Foremost in the state court proceeding regarding the coverage issues present in this federal court action.  That motion is currently pending in state court.

## **DISCUSSION**

In its reply in support of its motion to lift stay, Foremost argues that the doctrine of priority jurisdiction dictates that this Court decide the question of whether Foremost's insurance policy provides coverage to McFadden for the underlying ATV accident.  Foremost does not refer to the federal doctrine of priority jurisdiction, which "allows a federal court to refer a matter extending beyond the conventional experiences of judges or falling within the realm of administrative discretion to an administrative agency with more specialized experience, expertise, and insight."

*Williams Pipe Line Co. v. Empire Gas Corp.*, 76 F.3d 1491, 1496 (10th Cir. 1996) (quoting *National Communications Ass'n, Inc. v. American Tel. and Tel. Co.*, 46 F.3d 220, 223 (2d Cir. 1995)). Rather, Foremost relies upon the doctrine developed by the New Mexico state courts which provides that "a second suit based on the same cause of action as a suit already on file will be abated where the first suit is entered in a court of competent jurisdiction in the same state between the parties involving the same subject matter or cause of action, if the rights of the parties can be adjudged in the first action." *State v. Larrazolo*, 70 N.M. 475, 482, 375 P.2d 118, 123 (1962). However, the question of whether this federal district court should use its discretion to exercise jurisdiction over a declaratory judgment action is governed by federal law, not state law. Thus, New Mexico's priority jurisdiction doctrine is inapplicable here.

The Declaratory Judgment Act confers upon district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also* 28 U.S.C. § 2201(a). Whether a district court has discretion to entertain a lawsuit for declaratory judgment does not depend on the jurisdictional basis of the suit. As the Supreme Court stated in *Wilton*, "district courts possess discretion in determining whether . . . to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." 515 U.S. at 282, 115 S.Ct. 2137 (emphasis added). This is because the Declaratory Judgment Act itself is "an enabling Act, which confers a discretion on the courts," regardless of the jurisdictional bases upon which the suit is brought. *Id*. at 287, 115 S.Ct. 2137 (quotation omitted). Thus, under *Wilton* and Tenth Circuit case law, a district court has discretion to withhold its exercise of jurisdiction over declaratory judgment actions. *See Wilton*, 515 U.S. at 289-90, 115 S.Ct. 2137; *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994). "[U]nlike coercive actions, declaratory actions do not invoke the federal judiciary's

virtually unflagging obligation to exercise its jurisdiction." *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) (internal quotations and citations omitted).

To guide the district courts in the exercise of such substantial discretion, the Tenth Circuit has articulated several factors to weigh. *See Mhoon*, 31 F.3d at 983. This Court discussed and evaluated those factors in its previous opinion entered on April 4, 2008, and incorporates that discussion herein. The Court is not convinced that its previous analysis was incorrect or that current circumstances in the state court litigation have significantly changed that analysis. All of the parties in this case are present in the state court action. The state court is currently considering a motion to allow McFadden to file a third party complaint against Foremost regarding the same coverage question at issue in this litigation. If the state court permits McFadden to proceed with his third party complaint against Foremost, that will be the best forum for resolution of the coverage issue as well as all other remaining issues in this case, including coverage provided by other policies, liability, and damages. If the state court does not permit McFadden to file his third party complaint, this Court will decided the coverage issues raised by Foremost.

**IT IS THEREFORE ORDERED** that *Foremost Insurance Company's Amended Motion to Lift Stay* [Doc. No. 65] is **DENIED**, and the stay in this case will continue until further notice.

**IT IS FURTHER ORDERED** that the parties must inform this Court of the state district court's ruling on McFadden's motion to file third party complaint within five business days of that ruling.

_____
**JUDITH C. HERRERA**
**UNITED STATES DISTRICT JUDGE**